## SHARP and TUTTLE *against* CASWELL.

*L. Ford*, for the defendant, moved to set aside the *testatum fieri facias*, issued in this cause against the defendant, for irregularity.

He read an affidavit, showing that a judgment was perfected in favor of the plaintiffs against the defendant, for $442,96, in *October*, 1817. That soon afterwards, a *testatum capias ad satisfaciendum* was issued on the judgment, upon which the defendant was imprisoned in the common gaol of *Herkimer* county ; and having procured bail for the gaol liberties, had continued a prisoner upon the liberties from that time to the present, upon the *ca. sa.* That on the 3*d* day of *February* last, a *testatum fieri facias* was issued upon the judgment, and placed in the hands of the present sheriff of *Herkimer*, by virtue whereof he had levied on a large amount of personal property owned by the defendant.

*M. Hoffman*, contra, read various affidavits, showing that the defendant had made frequent escapes from the liberties since he was committed ; and before the issuing of the *fi. fa.* ; and claimed that it issued properly with-

*It seems*, that a second execution cannot be issued within the statute (1 *R. L.* 426, *s.* 24,) on the ground that the defendant has escaped, unless the escape continue till the time of its issuing

The escape must be such as will charge the sheriff.

At any rate, on so grave a question, the plaintiff should proceed by *sci. fa.*

in the statute, (1 *R. L.* 426, *s.* 24,) which provides, "that if any person who shall be taken on any execution, or committed thereon to any prison, shall escape by any ways or means howsoever, the creditor, at whose suit such prisoner was taken or charged in execution, may re-take such prisoner by any new *capias ad satisfaciendum*, or sue forth any other kind of execution on the judgment, as if the body of such prisoner had never been taken in execution."

But it appeared that these escapes were principally on *Sunday;* and that when the *fi. fa.* issued, the defendant had returned, and was within the gaol liberties.

*Ford* insisted that the statute did not apply to a temporary escape, from which the prisoner has returned and is in custody at the time of the second execution. The escape intended is a permanent one; such an escape as will work a forfeiture of the gaol bond.

*M. Hoffman,* contra. Departing from the gaol on *Sunday* was an escape. This was held in *Tillman* v. *Lansing,* (4 *John.* 45.) *Janson* v. *Hilton,* (10 *John.* 549,) supports the same position. The escape being on *Sunday,* goes only to the remedy. Process cannot be served if there be a return before the day closes. (1 *R. L.* 163, *s.* 5.) Formerly even this was otherwise. (*Com. Dig. Temps.* (*B.* 3.) Every going at large is an escape, unless it be on *habeas corpus* or rule of court. (1 *R. L.* 426, *s.* 21.) The condition of the limit bond is, that the person arrested on the *ca. sa.* shall remain a true and faithful prisoner; and shall not, *at any time,* &c. escape. The re-caption or return is matter of defence to an action ; (*id. and* 3 *Salk.* 150, *case* 5 ;) and it must be pleaded. (1 *R. L.* 426, *s.* 23.)

If this be an escape, the condition arises within the statute, upon which a second execution may be issued. This was held in the late case of *Mumford* v. *Armstrong,* (4 *Cowen's Rep.* 553.)

The statute upon which we issued the second execution is remedial of a defect in the common law, which considered the body a satisfaction. It should, therefore, be construed liberally in favor of the plaintiff's right.

It has never been held necessary to issue a *sci. fa.* or resort to a motion in such a case. The execution may go of course.

By issuing the second execution, we elect to pursue the property, and discharge the body. But if otherwise, there can be no objection to this course. In *Jackson* v. *Bartlett*, (8 *John. Rep.* 361,) the *fi. fa.* and an action for the escape, were both held to be consistent remedies; and that they might both be pursued at the same time.

At any rate, a motion is not the proper course for relief. If we have proceeded irregularly, let the defendant bring his action against us.

*J. Platt*, in reply. This motion goes the length of saying, that though we had escaped but for a moment, just after our first imprisonment, the plaintiffs may lie by for years; acquiesce in our imprisonment; and then pursue us by a *fi. fa.* The escape complained of, is the mere going off and returning to the limits on *Sunday*, before any suit brought or execution issued. This is certainly very bold and novel practice. Such a case was never before heard of, though the statute is a very ancient one; and has existed for a long time in *England.* In *Mumford* v. *Armstrong*, (4 *Cowen's Rep.* 553,) there was no pretence of a return. At common law, an imprisonment and escape were a satisfaction; but the sheriff may be insolvent; and hence this remedy of a second execution was provided. It comes in the place of such an escape as will make the sheriff liable. An escape and return on *Sunday*, therefore, or on any other day before suit brought, is not within the act. An execution can go, only where an action will lie against the sheriff. It must be issued before the escape is purged. An escape works no injury to any one, if there be a return before it is availed of. The words relied on, " if he shall at any time escape," must be taken subject to

Sharp
v.
Caswell.

this qualification.   All the statutes declaring the effect of an escape, must be taken in the same way.

But, at any rate, on a grave question of this kind, the plaintiff should be put to his *sci. fa.* cr motion, before he is permitted to take a second execution.   The former should be preferred; because it will enable the party to pursue fully what he conceives to be his right, should the opinion of this court be against him.   To turn us round to an action would be no remedy; for the process will protect the sheriff and the party, if suffered to stand.

*Curia.*   We are inclined to think the true construction of the statute is as contended for by the counsel for the defendant; that this remedy by a second execution can not be taken, except in a case where the sheriff might be charged for the escape; and that, at any rate, it must be issued before the escape is purged by the return.   This construction is strengthened by the phraseology of the statute in relation to a second *ca. sa.*   It is, that the plaintiff may *retake* the defendant by a new *ca. sa.;* or sue forth any other kind of execution.   Now, how can he *retake* the defendant where he has already returned into custody, and remains there?   This can only be where there is a continued escape; and we think a remedy by any kind of execution must depend on the same condition.   There is nothing in the statute making a distinction; and giving a *fi. fa.* where a second *ca. sa.* would not lie.

We do not mean, however, to be understood as finally determining the question.   The party may still go to his *sci. fa.* if he chooses; and we do mean to say, that on a question so important, that is the proper course.

The motion must be granted without costs.

Rule accordingly.

Woodworth, J. was absent.